UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RELIANT CARE GROUP, L.L.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14CV43 CDP |
| | ) | |
| RELIANT MANAGEMENT GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case involves the alleged infringement of trademarks and trade names. Plaintiffs and defendant are both in the business of, among other things, providing rehabilitative services to health care facilities. Both use some version of "Reliant" in their names. In 2011 defendant sent plaintiffs a cease and desist letter stating that defendant had been providing rehabilitation services under the Reliant name since at least 2003 "with unprecedented success." The letter stated that defendant operated in sixteen states and soon expected to expand into Missouri; it demanded that plaintiffs cease using the Reliant name in Missouri. Plaintiffs responded that they had been doing business using the Reliant name in Missouri for rehabilitative services since at least 1994.

Plaintiffs bring Lanham Act and Missouri trademark infringement claims. Defendant's counterclaim alleges Lanham Act and Illinois claims. The case is

before me now on the parties' motions for summary judgment; it is set for trial on August 22, 2016. It is apparent from the briefs and evidence submitted that almost every material fact in this case is disputed. It is also apparent that the parties have taken a bare-bones approach to the litigation: there are no expert witnesses or surveys of likelihood of confusion; nor does it appear that either side even took depositions of witnesses. The Court commends the parties for apparently keeping the costs of the litigation low, but the record submitted does not provide a basis for granting summary judgment to either side. I will deny both motions, and the parties are notified that they will be reached first for trial on the August 22 docket.

## **Background**[1]

Plaintiffs are Reliant Care Group, LLC, and two limited liability companies which it owns: Reliant Care Management, LLC, and Reliant Care Rehabilitative Service, LLC. Each of the plaintiffs is registered and operates in Missouri. Reliant Care Management manages healthcare facilities, and Reliant Care Rehabilitative Services is a therapy management company specializing in providing rehabilitative services to skilled nursing facilities, hospitals, assisted living facilities, and senior communities. The plaintiffs have been operating in Missouri since 1994. Plaintiff

---

[1] These facts are set out for purposes of ruling the pending motions only. Nothing in this Memorandum and Order relieves any party of its burden of presenting evidence at trial.

Reliant Care Group registered the "Reliant Care Group" mark in 1996.[2] Plaintiffs' claims arise from defendant's alleged unlawful use of the "Reliant" name in Missouri.

Defendant is Reliant Management Group, LLC, a Delaware limited liability company with its principal place of business in Louisiana. Defendant began using the name "Reliant Rehabilitation" in 2003, and it registered a service mark with that phrase in 2008 for the provision of physical rehabilitation and physical rehabilitation facilities.[3] Defendant licensed the "Reliant Rehabilitation" mark to its affiliate, Reliant Pro Rehab, LLC, which currently operates in Missouri. Defendant's counterclaims arise from plaintiffs' alleged unlawful use of the "Reliant" name in Illinois.

Plaintiff Reliant Care Group brings a claim under the Lanham Act for federal trademark infringement under 15 U.S.C. § 1114(1)(a) relating to its registered mark. All plaintiffs raise Lanham Act claims of false designation of origin of the "Reliant" trade name and dilution of the name under 15 U.S.C. §§ 1125(a) and (c), respectively. All plaintiffs also allege violations of Missouri's anti-dilution statute,[4] and common-law trademark infringement and unfair competition in relation to the "Reliant" name and the "Reliant Care" trademark and

---

[2] RELIANT CARE GROUP, Registration No. 1,953,530.
[3] RELIANT REHABILITATION, Registration No. 3,426,134.
[4] Mo. Rev. Stat. § 417.061.

name. Plaintiffs seek injunctive relief, compensatory damages, lost profits, exemplary damages, costs, and attorney's fees.

In its seven-count counterclaim, defendant brings claims against plaintiffs under the same theories, alleging that plaintiffs' use in Illinois of their mark or name that contain the word "Reliant" constitutes federal trademark infringement, false designation of origin, and dilution; common-law trademark infringement and unfair competition; and violates Illinois' anti-dilution statute.[5] Defendant also claims that plaintiffs' registered mark should be canceled under 15 U.S.C. § 1119 for plaintiffs' failure to use the mark. Defendant seeks injunctive relief – including cancelation of the Reliant Care Group mark and any other service mark containing the word "Reliant" – compensatory damages, exemplary damages, costs, and attorney's fees.

## Discussion

*Personal Jurisdiction*

Defendant first asks me to revisit my November 2014 decision denying its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. For the following reasons, I will not do so.

Defendant contends that the interactive website on which my earlier ruling partially depended contained a "mistake" that has now been corrected. It argues

---

[5] 765 Ill. Comp. Stat. § 1036.

that only its subsidiary, Reliant Pro Rehab, published the online content that gave rise to plaintiffs' claim that the "effects" of the content harmed them. In the briefing on the original motion to dismiss, plaintiffs provided detailed argument, with evidentiary support, demonstrating defendant's indisputable connection with the website at issue. Plaintiffs satisfied their burden of demonstrating the requisite minimum contacts at the relevant time, and defendants waited more than two years to raise this "mistake" argument, so I need not consider it. *See Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003) (court looks to contacts "either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.")

Moreover, as discussed more fully in my November 2014 Order, defendant's purposeful act of directing a written letter to plaintiffs informing them that it intended to use the "Reliant Rehabilitation" mark in Missouri and demanding that plaintiffs cease using the mark sufficiently demonstrated that defendant intentionally targeted Missouri and intended that the effects of its trademark use be felt in Missouri. This Court's exercise of personal jurisdiction over defendant is proper.

*Summary Judgment*

In their partial motion for summary judgment, plaintiffs contend that they are entitled to judgment as a matter of law on all claims raised in defendant's

counterclaim, because defendant itself does not conduct business in Illinois. Plaintiff Reliant Care Rehabilitation Services also contends that it is entitled to judgment as a matter of law on its own state-law claims. In its motion for summary judgment, defendant argues that it is entitled to judgment as a matter of law on all claims raised in plaintiffs' complaint.

Summary judgment must be granted only when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). I must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007).

Initially, the moving party must demonstrate the absence of an issue for trial. *Celotex,* 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in its pleadings or in general denials of the movant's assertions, but must instead proffer admissible evidence that demonstrates a genuine issue of material fact. Fed. R. Civ. P. 56(e); *Conseco Life Ins. Co. v. Williams,* 620 F.3d 902, 910 (8th Cir. 2010); *Howard v. Columbia Pub. Sch. Dist.,* 363 F.3d 797, 800-01 (8th Cir. 2004).

After review of the parties' cross motions for summary judgment, I cannot

say that the evidentiary matter submitted in support of either motion establishes the absence of a genuine issue of material fact. To discharge its burden on a motion for summary judgment, the moving party must "show by extraneous material that there is no triable issue of fact although one superficially appears from the pleadings." *Jacobson v. Maryland Cas. Co.*, 336 F.2d 72, 75 (8th Cir. 1964). The moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)[6]). "[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied[.]" *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970) (internal quotation marks omitted).

Here, the parties make numerous "statements of fact" that lack any evidentiary support. For example, in its "Material Facts Not in Dispute," defendant makes several factual assertions regarding the extent to which it conducts business in Missouri, the nature of plaintiffs' services, the public's

---

[6] Rule 56(c) has since been amended and now provides that a party moving for summary judgment must support its factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"

awareness of plaintiffs' services, and plaintiffs' use of the Reliant mark. To "support" these assertions, however, defendant suggests that I "*see* the record, which along with discovery responses and productions, is devoid of evidence to the contrary." (ECF #52-4, paras. 7, 9, 10, 13, 15, 19, 20, 25.) Unsupported assertions in a motion for summary judgment "are meaningless." *Jacobson,* 336 F.2d at 75.

Likewise, to "support" their assertion that defendant does not conduct business in Illinois, plaintiffs submit an unauthenticated printout of an Illinois business's website that lacks reference to Reliant Management Group or to Reliant Pro Rehab. (ECF #48-13.)[7] Regardless of its unauthenticated nature, this website fails to conclusively demonstrate that defendant does not conduct business in Illinois. Indeed, given plaintiffs' related factual assertion that defendant provided evidence of doing business at an Illinois facility,[8] their statement that that facility's website does not mention its relationship with defendant appears to create a genuine issue as to whether it does in fact conduct business in Illinois.

The allegations in plaintiffs' complaint and in defendant's counterclaim raise questions appropriate for determination by a jury. *See Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 393 F.3d 755, 760 (8th Cir. 2005); *WSM, Inc. v.*

---

[7] *See Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1006 (8th Cir. 2000)("We suggest, in addition, that defendant, if it wishes to have the attachments to its motion considered by the Court, have them properly authenticated or verified by affidavit."). *See also Real Estate Network, LLC v. Gateway Ventures, LLC,* No. 4:05-CV-422-CAS, 2005 WL 1668194, at *3 (E.D. Mo. July 12, 2005).
[8] ECF #48 at para. 22 (citing RMG 000005-000019).

*Hilton*, 724 F.2d 1320, 1329 (8th Cir. 1984); *Teter v. Glass Onion, Inc.*, 723 F. Supp. 2d 1138, 1155 (W.D. Mo. 2010). Because neither side has demonstrated with sufficient clarity that they are entitled to judgment as a matter of law on any of the claims, the cross motions will be denied. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980); *Jacobson*, 336 F.2d at 74-75.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Partial Summary Judgment [47] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment Pursuant to Rule 56 [50] is **DENIED.**

This matter remains set for jury trial on **Monday, August 22, 2016, at 8:30 a.m. This case will be reached first on that docket.** Counsel for the parties shall appear in person for a **Final Pretrial Conference** on **Tuesday, August 16, 2016 at 9:00 a.m.**

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2016.